UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNA FEDER<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EMERSON COLLEGE AND BROOKE KNIGHT<br><br>　　　　　Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. § 1446, Defendants Emerson College and Brooke Knight hereby invoke the jurisdiction of this Court under 28 U.S.C. § 1331, and respectfully submit this Notice of Removal of the instant civil action. As grounds for this removal, the Defendants state that:

1. On or about September 21, 2021, an action was commenced against the Defendants in the Suffolk Superior Court of the Commonwealth of Massachusetts captioned <u>Anna Feder v. Emerson College, et al.</u>, Civil Action No. 2184CV02156 ("State Court Action").

2. The Defendants were served with a copy of the Complaint and Civil Action Cover Sheet in the State Court Action on or about September 27, 2021. A true and accurate copy of the Complaint and Civil Action Cover Sheet served upon the Defendants is attached hereto as <u>Exhibit 1.</u>

3. This Notice is being filed within thirty (30) days of the receipt by the Defendants of the Complaint and Civil Action Cover Sheet in connection with the State Court Action. The time for filing this Notice under 28 U.S.C. § 1446(b) has not expired.

4. No further proceedings have occurred in the State Court Action. The Defendants have not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the Suffolk Superior Court of the Commonwealth of Massachusetts.

## **FEDERAL JURISDICTION**

5. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1331, because Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a).

6. The District Court for the District of Massachusetts is the district embracing the place where the Civil Action is pending. Venue in this Court's Eastern Division is appropriate because a substantial part of the events giving rise to the claims occurred, and the majority of the Defendants and witnesses are located, within the Eastern Division of this judicial district. 28 U.S.C. § 1391(b); L.R. 40.1(C)-(D).

7. In this action, Plaintiff alleges gender discrimination in violation of M.G.L c. 151B § 4 (Count I); unequal pay in violation of M.G.L. c. 151B § 4 (Count II) and retaliation in violation of M.G.L. c. 151B § 4(4). Specifically, Plaintiff alleges that the Defendants have improperly classified her as a "Grade 16" employee within Emerson's "Job Description Matrix," and further alleges that she should be classified as a "Grade 18" employee with a higher salary. Likewise, she claims that the Defendants discriminated against her by assigning her administrative tasks, but purportedly did not assign such tasks to other male comparators. Finally, she claims that the Defendants retaliated against her by reducing her operating budget for the program that she manages.

8. Plaintiff's employment is subject to a collective bargaining agreement ("CBA") between Emerson College and Plaintiff's union, SEIU Local 888. The CBA includes a provision on management rights, which provides that management has the exclusive right to determine the

content of job classifications, to classify and reclassify its employees, and to place employees in appropriate pay grades. Likewise, the CBA provides that management retains the right to determine the "*means, methods, and personnel by which the College's operations are to be conducted*" and the "*resources and priorities*" of the College. Finally, Plaintiff's claims are based, in significant part, on the results of job reviews that she requested, and which were performed pursuant to the terms of the CBA.

9. Plaintiff's claims are therefore necessarily dependent upon interpreting the terms and provisions of the CBA, and therefore, her claims are completely preempted by federal labor law and national labor policy under Section 301 of the LMRA, 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties"). See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 403-04 (1988); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985); Textile Workers v. Lincoln Mills, 353 U.S. 448, 451 (1957).

10. Because 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending," this action is properly removed to this Court as presenting a federal question, pursuant to 28 U.S.C. § 1331.

11. To the extent LMRA preemption applies to *any* of plaintiffs' claims, removal of the entire matter is also appropriate pursuant to the federal question and supplemental jurisdiction statutes. Thus, this entire action is removable to federal court. 28 U.S.C. §§ 1367(a) & 1441(c).

12. All Defendants consent to removal of this action.

13. The Defendants submit this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding Plaintiff has pled claims upon which relief may be granted.

14. The Defendants will notify the Suffolk Superior Court and Plaintiff of this Notice of Removal by filing with the Suffolk Superior Court a Notice of Filing of Notice of Removal. A copy of that Notice is attached hereto as Exhibit 2.

Respectfully submitted,

Defendants,

EMERSON COLLEGE, ET. AL.,

By their attorneys,

*/s/ Keerthi Sugumaran*
Douglas J. Hoffman, BBO #640472
Keerthi Sugumaran, BBO #682822
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
TELE: (617) 367-0025
FACSIMILE: (617) 367-2155
douglas.hoffman@jacksonlewis.com
keerthi.sugumaran@jacksonlewis.com

DATED: October 18, 2021

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 18th day of October 2021, that a copy of the foregoing document was served upon counsel for the Plaintiff, Matthew J. Fogelman, Esq., Fogelman Law LLC, 189 Wells Avenue, Newton, MA  02459 (mjf@fogelmanlawfirm.com) via email and first class mail, postage prepaid.

                                                  */s/ Keerthi Sugumaran*
                                                  JACKSON LEWIS P.C.

4810-7814-2461, v. 4