## SUFFOLK COUNTY CIVIL
### Docket Report

**2184CV02156 Feder, Anna vs. Emerson College et al**

| | |
|---|---|
| **CASE TYPE:** Torts | **FILE DATE:** 09/22/2021 |
| **ACTION CODE:** B22 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Employment Discrimination | |
| **CASE DISPOSITION DATE:** 10/25/2021 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 10/25/2021 |
| **CASE JUDGE:** | **CASE SESSION:** Civil D |

| PARTIES |
|---|

**Plaintiff**
Feder, Anna

**Attorney**     653916
Matthew J Fogelman
Fogelman Law LLC
Fogelman Law LLC
189 Wells Ave
Suite 302
Newton Center, MA 02459
Work Phone (617) 559-1530
Added Date: 09/22/2021

**Defendant**
Emerson College

**Attorney**     640472
Douglas J Hoffman
Jackson Lewis PC
Jackson Lewis PC
75 Park Plaza
4th Floor
Boston, MA 02116
Work Phone (617) 367-0025
Added Date: 10/18/2021

**Attorney**     682822
Keerthi Sugumaran
Jackson Lewis PC
Jackson Lewis PC
75 Park Plaza
Boston, MA 02116
Work Phone (617) 305-1216
Added Date: 10/18/2021

| Defendant | Attorney | 640472 |
|---|---|---|
| Knight, Brooke | Douglas J Hoffman | |
| | Jackson Lewis PC | |
| | Jackson Lewis PC | |
| | 75 Park Plaza | |
| | 4th Floor | |
| | Boston, MA 02116 | |
| | Work Phone (617) 367-0025 | |
| | Added Date: 10/18/2021 | |
| | **Attorney** | **682822** |
| | Keerthi Sugumaran | |
| | Jackson Lewis PC | |
| | Jackson Lewis PC | |
| | 75 Park Plaza | |
| | Boston, MA 02116 | |
| | Work Phone (617) 305-1216 | |
| | Added Date: 10/18/2021 | |

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK COUNTY CIVIL
Docket Report



| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 09/22/2021 | | Attorney appearance<br>On this date Matthew J Fogelman, Esq. added for Plaintiff Anna Feder | |
| 09/22/2021 | | Early Case Management Conference Pilot Program. | |
| 09/22/2021 | | Case assigned to:<br>DCM Track F - Fast Track was added on 09/22/2021 | |
| 09/22/2021 | 1 | Original civil complaint filed. | |
| 09/22/2021 | 2 | Civil action cover sheet filed. | |
| 09/22/2021 | | Demand for jury trial entered. | |
| 09/22/2021 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff, Attorney: Matthew J Fogelman, Esq. mjf@fogelmanlawfirm.com | |
| 10/18/2021 | | Defendant Emerson College, Brooke Knight's Submission of<br>Cover Letter | |
| 10/18/2021 | | Attorney appearance<br>On this date Douglas J Hoffman, Esq. added for Defendant Emerson College | |
| 10/18/2021 | | Attorney appearance<br>On this date Keerthi Sugumaran, Esq. added for Defendant Emerson College | |
| 10/18/2021 | | Attorney appearance<br>On this date Douglas J Hoffman, Esq. added for Defendant Brooke Knight | |
| 10/18/2021 | | Attorney appearance<br>On this date Keerthi Sugumaran, Esq. added for Defendant Brooke Knight | |
| 10/19/2021 | 3 | Defendants Emerson College, Brooke Knight's Notice of<br>Removal<br>U.S.Dist #21-cv-11687 | |
| 10/25/2021 | | REMOVED to the U.S. District Court<br>of Massachusetts | |
| 10/25/2021 | | Case transferred to another court. | |

I HEREBY ATTEST AND CERTIFY ON
<u>Oct. 26, 2021</u>, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
First Asst. Clerk

**1**

## COMMONWEALTH OF MASSACHUSETTS
### SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

**SUFFOLK, ss.**

21·2156 Δ

ANNA FEDER,

                **Plaintiff,**

    v.

EMERSON COLLEGE and
BROOKE KNIGHT,

                **Defendants.**

**CIVIL ACTION NO.**

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
F I L E D

SEP 2 2 2021

MICHAEL JOSEPH DONOVAN
CLERK OF COURT

### COMPLAINT AND JURY DEMAND

### Introduction

This is a complaint for equitable and economic damages arising from the Defendants' violation of the Massachusetts Equal Pay Act, gender discrimination, and subsequent retaliation against the Plaintiff, pursuant to M.G.L. c. 151B § 4.

As detailed below, Defendants refused to pay the Plaintiff the same wages as her male counterpart and retaliated against the plaintiff through extra work and funding cuts after she complained about the gender discrimination.

### Parties

1.      Plaintiff Anna Feder ("Ms. Feder") is an individual who resides at 54 Fisk Street, Providence, Rhode Island, 02905.

2.      Defendant Emerson College ("Emerson") is a college located at 120 Boylston Street, Boston, Massachusetts.

3.      Defendant Brooke Knight is the former chair of the Department of Visual and Media Arts and current Assistant Provost for Faculty Affairs. Upon information and belief, he resides at 700 Harrison Ave, #602, Boston, MA 02118

## Jurisdiction and Venue

4.      The Jurisdiction of this Court is lawful and proper as the Defendant Emerson College is located in Massachusetts.

5.      Venue in Suffolk County is lawful and proper as Defendant Emerson College is located in Suffolk County.

## Factual Background

6.      Ms. Feder was hired by Emerson as the Program Coordinator of the Visual and Media Arts Department.

7.      She has been employed by the College since 2007.

8.      Ms. Feder's current role is Head of Film Exhibition and Festival Programs. She has twenty-three years of experience as a film curator.

9.      Ms. Feder has been responsible for founding and running a successful film exhibition program at Emerson starting in 2012, as well as representing the College to external constituencies including numerous conferences, film festivals and industry events. In addition, she oversees the college film festival and two recurring student programs at the Camden International and Sundance Film Festivals.

10.      She is also currently developing a credit-bearing program to the Cannes film festival through the Emerson College Office of Global Engagement.

11.      Ms. Feder also represents Emerson outwardly in the industry at conferences and is influential in academia. For example, Ms. Feder teaches an experiential learning class at

Emerson on cinema exhibition, which she started at the request of the Dean of the School of Arts based on his understanding of her expertise in the field and has presented her syllabus and course description at a workshop at the annual Arthouse Convergence in 2019. Peers in attendance eagerly asked Ms. Feder questions about her course and approximately half of the 100 attendees requested copies of her syllabus so they could implement her successful teaching methods in their courses and/or programs so that they could craft cinema exhibition courses at peer institutions. The course is currently at capacity for Fall 2021.

12.     Ms. Feder has presented and served on panels at numerous film industry conferences, including the International Film Festival Summit, the University Film Video Association, the Arthouse Convergence, and SXSW. She is also highly visible at various community events, including those hosted by the Film Fatales, the Massachusetts Production Coalition, the Independent Film Festival of Boston and Women in Film and Video New England.

13.     Ms. Feder also exhibits problem-solving skills when dealing with viewer reactions to sensitive subject matter in film screenings, is pioneering a content advisory for the series she oversees that has served as a model for her field, frequently persuades others of the power of communal moviegoing, advises others on complex matters, and demonstrates expertise in her field.

14.     In addition to her other work, Ms. Feder builds rapport between Emerson and numerous community groups, has and maintains direct relationships with faculty, staff, and students, serves on numerous committees in top professional organizations in her field, started her own college-wide committee for staff and faculty who run events on campus, and founded,

operated, and maintained Emerson's "Bright Lights Film Series," a unique film exhibition program of which Emerson enjoys the benefits and prestige.

15.    Since becoming employed by Emerson in 2007, Ms. Feder has become the expert at the College for film exhibition. Colleagues frequently go to her for advice on licensing and promoting film screenings, and she has built a reputation for being the most knowledgeable at the College regarding upcoming exhibition projects.

16.    Ms. Feder also serves as a community liaison, having served on the boards of multiple community organizations, including Women in Film and Video New England, and Press Pass TV. She has also served as the director of the Boston Underground Film Festival, a curator for the Northampton Independent, San Francisco Indie, and Boston LGBTQ film festivals, a juror at numerous film festivals including Fantasia and the Seattle International Film Festival, and the main organizer for Queering in the Cinema, a professional organization for queer identified exhibitors and distributors. She also served on the faculty advisory board for the Bates College Film Festival.

17.    Mr. Knight became Ms. Feder's supervisor in 2012. Knight was Ms. Feder's direct supervisor until in or around July 2019. He continuously upheld his position to the upper administration that Ms. Feder should not be promoted although her work with Emerson was clearly deserving of a higher title and corresponding pay.

18.    While Mr. Knight was Ms. Feder's supervisor, he claimed to support her yet undermined her to the upper administration. She was told in an informal off the record conversation with the Vice President in charge of human resources that it would be "easier" to adjust her position if she had support from her supervisor. While Knight was Ms. Feder's supervisor, he insisted and expected that she be willing to perform administrative tasks that are

outside the scope of her job duties. Ms. Feder is not "support staff," but she was constantly asked to "pitch in" and help the support staff. Upon information and belief, Knight did not ask the other salaried male subordinates to perform the types of tasks he expected Ms. Feder to perform.

19.    Ms. Feder's current supervisor is Cristina Kotz Cornejo. She became Ms. Feder's supervisor in or around July 2020. She is the chair of the Department of Visual and Media Arts.

20.    Ms. Feder's current role has been classified as a "Grade 16" position, meaning that she is classified as an individual contributor without "expert" status. Under this ranking, Ms. Feder's expertise is undermined by Emerson. Under Grade 16, the College is disregarding the fact that Ms. Feder has autonomy in her professional decision-making and frequently takes on and leads large projects, which is inconsistent with the Grade 16 position. Contrastingly, Grade 16 employees receive consistent guidance, do not have full autonomy in their decision-making, and are only responsible for smaller projects than Ms. Feder.

21.    However, under Emerson's current "Job Description Matrix," Ms. Feder's role and responsibilities fit more closely in the "Grade 18" category, which would classify her as an "expert" with "expert-level professional providing expert content/professional leadership on complex assignments and projects." She fits under this category because she has an M.F.A in film production when only a Bachelor's Degree is required, is the expert her colleagues consult regarding exhibition questions and logistics, is responsible for collaborating on the development of grant and corporate funding proposals and is the founder and leader of many large projects across the College which build's Emerson's rapport and makes the College a leader in cinema exhibition.

22.     She has also been profiled in the Arts section of the Boston Globe and was identified in a cover story in the Weekly Dig as one of five premier film curators in the Boston area, showing the community-wide acknowledgement of Ms. Feder's high level of expertise.

23.     Additionally, Ms. Feder works with various departments within the College to collaborate on film screenings, and solicits faculty and administrative personnel from the departments of Student Life, Social Justice Center, alumni relations, the Elma Lewis Center for Civic Engagement and others to participate in and help develop panels for film screenings, demonstrating her role in representation of the department to others within the College.

24.     Ms. Feder also works with outside cultural groups such as the French Cultural Center, the Goethe institute and the United Nations Association of Greater Boston to develop ideas for, and participants in, presentations and panels for the development of ideas in film screenings, which further demonstrates her role in representation of Emerson to the Boston community.

25.     Since Ms. Feder's responsibilities and work fit more closely with the "Grade 18" category, her salary under "Grade 16" is not the accurate nor appropriate salary for Ms. Feder based on the work she does, and the level of expertise required. The College callously accepts Ms. Feder's contributions while refusing to pay her on an accurate scale.

26.     Furthermore, Ms. Feder's colleague, Leonard Manzo, holds a position at the College that is smaller in scale compared to Ms. Feder's role, yet he is paid a greater salary than Ms. Feder.

27.     Upon information and belief, Ms. Feder's salary is significantly less than Mr. Manzo's salary.

28.     While Ms. Feder and Mr. Manzo's roles at Emerson College are not identical, Ms. Feder's position requires a greater level of skill, effort, and responsibility compared to Mr. Manzo.

29.     Mr. Manzo's job has no college-wide or external component, where he serves only students and faculty within the department.

30.     Mr. Manzo has been with Emerson for 9.5 years compared to Ms. Feder's 14 years.

31.     Ms. Feder has both a Bachelor's degree and a Master's of Fine Arts degree, while Mr. Manzo has neither.

32.     When Ms. Feder discovered that she was paid significantly less than Mr. Manzo, Ms. Feder asked her superior at Emerson to rectify the imbalance.

33.     Emerson refused to adjust Ms. Feder's title and salary despite the clear gender inequity.

34.     Upon information and belief, Ms. Feder is also paid less than another male colleague, Eric Weiss.

35.     Mr. Weiss earns approximately $15,000 more dollars than her per year while he has a less demanding role than Ms. Feder. Mr. Weiss has an administrative role and is responsible for overall course planning and administration within the department. Unlike Ms. Feder, he is not responsible for anything public-facing with the exception of his participation in auditions for the department. He does not engage in finding or applying for funding for the department, or any role representing the department externally to the rest of the College or the public.

36.     While Ms. Feder has more expertise and has a much broader, more complex role than Mr. Weiss, he is ranked at a Grade 17.

37.     However, Emerson refused, and continues to refuse, to correct the pay disparity between Ms. Feder and her male colleagues, even after two lengthy job review processes initiated by Ms. Feder.

38.     Ms. Feder was never given a reason for the denial in rectifying the pay differences between her and her male colleagues.

39.     In or around May 2019, Ms. Feder sought a title change from "Program Manager" to "Director of Programming." Instead, Emerson granted Ms. Feder with the title "Assistant Director of Programming" with no pay or grade level increase.

40.     Around July 2020, Ms. Kotz Cornejo became Ms. Feder's new supervisor.

41.     Ms. Kotz Cornejo outwardly supported Ms. Feder's claims to Emerson that she be recognized with a title change and pay increase to better match her duties, responsibilities, and achievements at Emerson. Ms. Kotz Cornejo noticed that Ms. Feder was acting more like a director to the department and was not an assistant to anyone, and thus her title as the Assistant Director of Programming was meaningless.

42.     On April 26, 2021, Ms. Feder again petitioned Emerson to change her title to "Director of Programming" and increase pay. They again refused, even after continuous support from Ms. Cornejo to change her classification and the additional evidence provided by Ms. Feder that she is indeed an expert and should be classified as a Grade 18 with the associated title and pay changes. Emerson again refused to acknowledge Ms. Feder's expertise and the scope of her role at the College.

43.     Ms. Kotz Cornejo wrote to the Emerson Human Resources Department on or around May 19, 2021 and stated that Ms. Feder's title of "Assistant Director" did not represent the work that she currently does and that Ms. Feder's work would more accurately be classified as "Director of Programming" pursuant to Emerson's policies.

44.     Despite Ms. Kotz Cornejo supporting Ms. Feder's requests and corroborating the factual basis for her requests, Emerson continues to refuse to correct the pay disparity.

45.     Again, on June 24, 2021, Ms. Feder petitioned Emerson to change her title and pay. Emerson changed Ms. Feder's title from "Assistant Director" to "Head of Film Exhibition & Festival Programs." However, Emerson refused to give Ms. Feder the "Director of Programming" title because it comes with an increase in pay and grade level, despite recognizing her exceptional work for the school and the director responsibilities that she currently undertakes.

46.     Not only has Emerson refused to pay Ms. Feder equally, or greater, to her male colleagues and subordinates, but Emerson and Knight also retaliated against Ms. Feder since her complaint about the unequal pay by suddenly giving her negative performance reviews, reducing her operating budget, and threatening further cuts in the future.

47.     The conduct by Emerson and Knight have taken away from Ms. Feder's enjoyment of and ability to perform her job and added tremendous stress to her life.

48.     Ms. Feder properly exhausted her administrative remedies by timely filing a charge with the Massachusetts Commission Against Discrimination.

## COUNT I:  GENDER DISCRIMINATION IN
## VIOLATION OF M.G.L. c. 151B § 4

49.     Plaintiff restates the foregoing allegations as if fully incorporated herein.

50.     The above described conduct violates M.G.L. c. 151B § 4 because Ms. Feder has been subjected to sex discrimination and then retaliated against after complaining about the discriminatory behavior.

## COUNT II: UNEQUAL PAY IN
## VIOLATION OF MASS. G.L. c. 151B  § 4

51.     Plaintiff restates the foregoing allegations as if fully incorporated herein.

52.     Defendants' actions violate the Massachusetts Equal Pay Act, as Ms. Feder is not being paid equally to a male colleague / colleagues whose job requires similar skill, effort, and responsibility performed under similar working conditions.

## COUNT III: UNLAWFUL RETALIATION IN
## VIOLATION OF MASS. G.L. c. 151B  § 4 (4)

53.     Plaintiff restates the foregoing allegations as if fully incorporated herein.

54.     Ms. Feder engaged in protected activity, including but not limited to her attempt to engage in dialogue with the Defendants regarding her inequitable employment rank and salary.

55.     Ms. Feder's dialogue led the Defendants to unlawfully retaliate against her through negative performance reviews and reduction of her operating budget.

## Prayers for Relief

WHEREFORE, Plaintiff Anna Feder respectfully requests that the Court grant her the following relief:

1. Enter judgment in her favor and against the Defendants on all counts of the complaint;

2. Increase her salary to be compliant with the Massachusetts Equal Pay Act;

3. Award monetary damages to Plaintiff in an amount determined by the Court, including treble damages on lost wages, attorneys' fees, costs, emotional distress damages, punitive damages, and any other remedies available;

4. Such other and further relief as the Court deems proper.

**<ins>Jury Demand</ins>**

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

Respectfully submitted,

ANNA FEDER,

By her attorney,

Matthew J. Fogelman (BBO 653916)
FOGELMAN LAW LLC
189 Wells Avenue, Suite 302
Newton, MA 02459
617-559-0201
mjf@fogelmanlawfirm.com

Dated: September 21, 2021

I HEREBY ATTEST AND CERTIFY ON
Oct. 26, 2021 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
First Asst. Clerk

11

**CIVIL ACTION COVER SHEET**

DOCKET NUMBER
21-2156

**Trial Court of Massachusetts**
**The Superior Court**

COUNTY Suffolk Superior Court (Boston)

| | |
|---|---|
| Plaintiff    Anna Feder | Defendant    Emerson College |
| ADDRESS:    54 Fisk Street, Providence, RI 02905 | ADDRESS:    120 Boylston Street, Boston, MA 02116 |
| Plaintiff Attorney:    Matthew J. Fogelman, Esq. | Defendant    Brooke Knight |
| ADDRESS:    Fogelman Law LLC, 189 Wells Avenue, Suite 302, Newton, MA 02459 | ADDRESS:    700 Harrison Avenue, #602, Boston, MA 02118 |
| BBO:    653916 | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?          Is there a class action under Mass. R. Civ. P. 23?
☐ YES ☒ NO                                   ☐ YES ☒ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date

1. Total hospital expenses
2. Total doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe below)

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
FILED

SEP 22 2021

MICHAEL JOSEPH DONOVAN
CLERK OF COURT

Subtotal (1-5):                          To be determined

B. Documented lost wages and compensation to date          To be determined
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages          To be determined
F. Other documented items of damages (describe below)

Emotional distress

TOTAL (A-F):          To be determined  $500,000+

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Plaintiff was discriminated against on the basis of her gender and subjected to retaliation, Equal Pay claims as well

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X  _Matt F_          Date:    September 21, 2021

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X  _Matt F_          Date:    September 21, 2021

SC0001: 1/22/2021          www.mass.gov/courts          Date/Time Printed:09-21-2021 12:07:53

I HEREBY ATTEST AND CERTIFY ON
Oct. 26, 2021   , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
First Asst. Clerk

3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 2184-CV-02156

---

ANNA FEDER,

          Plaintiff,

v.

EMERSON COLLEGE and BROOKE
KNIGHT,

          Defendants.

US Dist #21-cv-1168)

E-FILED 10/19/2021

BL

---

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:    Civil Clerk's Office
       Suffolk County Superior Court
       3 Pemberton Square
       Boston, MA 02108

      PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Suffolk

County Superior Court has been duly filed in the United States District Court for the District of

Massachusetts.  Attached hereto is a copy of that Notice of Removal.

                    Respectfully submitted,

                    Defendants,
                    EMERSON COLLEGE, ET. AL.,

                    By their attorneys,

                    */s/ Keerthi Sugumaran*
                    Douglas J. Hoffman, BBO #640472
                    Keerthi Sugumaran, BBO #682822
                    JACKSON LEWIS P.C.
                    75 Park Plaza, 4th Floor
                    Boston, MA 02116
                    TELE: (617) 367-0025
                    FACSIMILE: (617) 367-2155
                    douglas.hoffman@jacksonlewis.com
                    keerthi.sugumaran@jacksonlewis.com

I HEREBY ATTEST AND CERTIFY ON
Oct. 26, 2021, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

    MICHAEL JOSEPH DONOVAN
    CLERK / MAGISTRATE
    SUFFOLK SUPERIOR CIVIL COURT
    DEPARTMENT OF THE TRIAL COURT

BY:
    First Asst. Clerk

DATED:  October 18, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October 2021, that a copy of the foregoing document was served upon counsel for the Plaintiff, Matthew J. Fogelman, Esq., Fogelman Law LLC, 189 Wells Avenue, Newton, MA  02459 (mjf@fogelmanlawfirm.com) via email and first class mail, postage prepaid.

/s/ Keerthi Sugumaran
JACKSON LEWIS P.C.

4827-4564-0445, v. 1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANNA FEDER

        Plaintiff,

v.

EMERSON COLLEGE AND BROOKE
KNIGHT

        Defendants.



Certified to be a true and
correct copy of the original
Robert M. Farrell, Clerk
U.S. District Court
District of Massachusetts

By: _____
        Deputy Clerk

Date: 10/18/2021

**NOTICE OF REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. § 1446, Defendants Emerson College and Brooke Knight hereby invoke the jurisdiction of this Court under 28 U.S.C. § 1331, and respectfully submit this Notice of Removal of the instant civil action. As grounds for this removal, the Defendants state that:

1.      On or about September 21, 2021, an action was commenced against the Defendants in the Suffolk Superior Court of the Commonwealth of Massachusetts captioned <u>Anna Feder v. Emerson College, et al.</u>, Civil Action No. 2184CV02156 ("State Court Action").

2.      The Defendants were served with a copy of the Complaint and Civil Action Cover Sheet in the State Court Action on or about September 27, 2021. A true and accurate copy of the Complaint and Civil Action Cover Sheet served upon the Defendants is attached hereto as <u>Exhibit 1.</u>

3.      This Notice is being filed within thirty (30) days of the receipt by the Defendants of the Complaint and Civil Action Cover Sheet in connection with the State Court Action. The time for filing this Notice under 28 U.S.C. § 1446(b) has not expired.

1

4.      No further proceedings have occurred in the State Court Action.  The Defendants have not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the Suffolk Superior Court of the Commonwealth of Massachusetts.

## FEDERAL JURISDICTION

5.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1331, because Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a).

6.      The District Court for the District of Massachusetts is the district embracing the place where the Civil Action is pending.  Venue in this Court's Eastern Division is appropriate because a substantial part of the events giving rise to the claims occurred, and the majority of the Defendants and witnesses are located, within the Eastern Division of this judicial district.  28 U.S.C. § 1391(b); L.R. 40.1(C)-(D).

7.      In this action, Plaintiff alleges gender discrimination in violation of M.G.L c. 151B § 4 (Count I); unequal pay in violation of M.G.L. c. 151B § 4 (Count II) and retaliation in violation of M.G.L. c. 151B § 4(4). Specifically, Plaintiff alleges that the Defendants have improperly classified her as a "Grade 16" employee within Emerson's "Job Description Matrix," and further alleges that she should be classified as a "Grade 18" employee with a higher salary.  Likewise, she claims that the Defendants discriminated against her by assigning her administrative tasks, but purportedly did not assign such tasks to other male comparators.  Finally, she claims that the Defendants retaliated against her by reducing her operating budget for the program that she manages.

8.      Plaintiff's employment is subject to a collective bargaining agreement ("CBA") between Emerson College and Plaintiff's union, SEIU Local 888.  The CBA includes a provision on management rights, which provides that management has the exclusive right to determine the

content of job classifications, to classify and reclassify its employees, and to place employees in appropriate pay grades. Likewise, the CBA provides that management retains the right to determine the *"means, methods, and personnel by which the College's operations are to be conducted"* and the *"resources and priorities"* of the College. Finally, Plaintiff's claims are based, in significant part, on the results of job reviews that she requested, and which were performed pursuant to the terms of the CBA.

9.    Plaintiff's claims are therefore necessarily dependent upon interpreting the terms and provisions of the CBA, and therefore, her claims are completely preempted by federal labor law and national labor policy under Section 301 of the LMRA, 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties"). See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 403-04 (1988); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985); Textile Workers v. Lincoln Mills, 353 U.S. 448, 451 (1957).

10.    Because 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending," this action is properly removed to this Court as presenting a federal question, pursuant to 28 U.S.C. § 1331.

11.    To the extent LMRA preemption applies to *any* of plaintiffs' claims, removal of the entire matter is also appropriate pursuant to the federal question and supplemental jurisdiction statutes. Thus, this entire action is removable to federal court. 28 U.S.C. §§ 1367(a) & 1441(c).

12.    All Defendants consent to removal of this action.

3

13.    The Defendants submit this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding Plaintiff has pled claims upon which relief may be granted.

14.    The Defendants will notify the Suffolk Superior Court and Plaintiff of this Notice of Removal by filing with the Suffolk Superior Court a Notice of Filing of Notice of Removal.  A copy of that Notice is attached hereto as Exhibit 2.

Respectfully submitted,

Defendants,

EMERSON COLLEGE, ET. AL.,

By their attorneys,

/s/ Keerthi Sugumaran
Douglas J. Hoffman, BBO #640472
Keerthi Sugumaran, BBO #682822
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
TELE: (617) 367-0025
FACSIMILE: (617) 367-2155
douglas.hoffman@jacksonlewis.com
keerthi.sugumaran@jacksonlewis.com

DATED:  October 18, 2021

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October 2021, that a copy of the foregoing document was served upon counsel for the Plaintiff, Matthew J. Fogelman, Esq., Fogelman Law LLC, 189 Wells Avenue, Newton, MA  02459 (mjf@fogelmanlawfirm.com) via email and first class mail, postage prepaid.

*/s/ Keerthi Sugumaran*
JACKSON LEWIS P.C.

4810-7814-2461, v. 4